## Miners & Merchants Deposit Bank of Portage, to use, v. Magyar On Kor Society

*Evans & Evans*, for plaintiff; *Scanlan & Harkins*, for defendant.

McCANN, P. J., January 8, 1934.—On July 1, 1930, the defendant executed its note to Miners & Merchants Deposit Bank of Portage, Pa., for $1,250, payable on demand. On August 15, 1930, before maturity of the note, Miners & Merchants Deposit Bank assigned its note to the plaintiff, First National Bank of Ebensburg, Pa., for a valuable consideration, in the regular course of business, along with other notes as collateral security for a loan made that day. Miners & Merchants Deposit Bank, about 4 months after the assignment, to wit, on December 20, 1930, closed its doors and was taken possession of by the Secretary of Banking of the Commonwealth of Pennsylvania. At the time of the closing of the bank, the defendant had on deposit there $368.11, and the question in this case is whether the defendant is entitled to a credit on its note held by the plaintiff of $368.11, being the amount on deposit, and the balance due on the note, together with interest from February 28, 1931.

Payments were made on this note by the defendant to Miners & Merchants Deposit Bank before closing and to the representative of the Department of Banking after closing, on account of principal and interest of this note, which credits were remitted to the plaintiff. The note in question is in the form of a negotiable instrument, that is, having the words "or order", but it contains a clause authorizing the confession of judgment and also the words "this note shall be negotiable."

The first question to arise in the case is whether the confession of judgment clause contained in the note destroys the negotiability of the same. There is no doubt that it does destroy the negotiability of the note if it authorizes the confession of judgment before maturity. However, we believe that common sense would dictate that when the parties to the note included on the face of

the note before execution thereof the words·"this note shall be negotiable", the consequences, at least, of negotiability attach, and whether it does or not, we are satisfied that the words inserted in the note, namely, "this note shall be negotiable", estop the maker thereof to deny the negotiability when someone acts upon this to its detriment, in taking an assignment thereof.

In the case of Gray v. Gardner et al., admrs., 12 D. & C. 449, Judge Fleming held, in a case similar to the present one, that the note was negotiable. We are satisfied that his reasoning in that case is good, that if people say in the note itself that it is to be negotiable that is good enough as against them, and that they intend thereby that all the attributes of negotiability shall follow.

In the case of Cox, to use, v. Shenk, 28 Dist. R. 160, a case involving practically the same question, while Judge Baily held that the note was nonnegotiable, irrespective of the pertinent words conferring negotiability, yet he came to the conclusion that there was an estoppel against the defendant in favor of one who took the note for a valuable consideration in good faith before maturity. Nothing that First National Bank of Ebensburg, Pa., has done has waived its right to the full amount of this note. It accepted the collections made by the deputy in charge of Miners & Merchants Deposit Bank of Portage, but nothing that it did could have affected or injured the defendant here in any way, for the reason that First National Bank of Ebensburg was either entitled to the full amount or it was bound by the equities. No new equities were created after execution of the note and its assignment to First National Bank of Ebensburg. We therefore decide that the defendant is not entitled to set off the amount claimed and the plaintiff is entitled to judgment in the sum of $368.11, with interest from February 28, 1931, together with costs of this proceeding.

### Decree

And now, January 8, 1934, after due consideration, the motion for judgment on behalf of the defendant is denied, and judgment is hereby entered for the use-plaintiff in the sum of $368.11, with interest from February 28, 1931. The defendant to pay the costs of this proceeding.

From Henry W. Storey, Jr., Johnstown, Pa.